UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION

CIVIL ACTION NO. 2:21-CV-30 (WOB)

BEULAH M. MURPHY                                             PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

INDUSTRIAL CONTRACTORS SKANSKA, INC.          DEFENDANTS
ET AL.

This matter is before the Court on Plaintiff Beulah Murphy's ("Plaintiff") Motion for Default Judgment (Doc. 1-1 at 22-24), and on Defendant Industrial Contractors Skanska, Inc.'s ("Defendant"), Motion to Dismiss. (Doc. 7).

Plaintiff's suit is premised on claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Kentucky Civil Rights Act (KCRA), KRS Chapter 344.  More specifically, she asserts against two defendants claims of disability discrimination, failure to accommodate her disability, and failure to engage in the interactive process under the ADA and KCRA; sex discrimination under the KCRA; and age discrimination under the ADEA and KCRA.

Plaintiff brought her claims first before the Kentucky Human Rights Commission ("KHRC") and the Equal Employment Opportunity

Commission. It appears, though a fuller administrative record is not yet before the Court, that the KHRC found there was no probable cause to believe the charged discrimination took place.

Plaintiff subsequently filed her claims in Kentucky state court on January 22, 2021, and Defendant received summons on February 5, 2021. Defendant having filed no answer or responsive pleading for 25 days since receipt of summons, Plaintiff applied directly to the Mason County Circuit Court for default judgment under Kentucky Rule of Civil Procedure (CR) 55.01 on March 1, 2021. (Doc. 1-1 at 22-24). Thereafter, Defendant timely removed the case to federal court on March 4, 2021, within 30 days of summons. (*Id.*). Defendant then responded to Plaintiff's Motion for Default Judgment on March 10, 2021, (Doc. 6), and then on March 11, 2021 Defendant filed a Motion to Dismiss only Plaintiff's state KCRA claims under Fed. R. Civ. Proc. (FRCP) 12(b)(6) for failure to state a claim. (Doc. 7).

As to the first motion, Plaintiff's Motion for Default Judgment is without merit. She has not yet sought and obtained an entry of default from the clerk of this Court as required by FRCP 55(a). And because Defendant timely filed its Motion to Dismiss within 7 days of a timely removal per FRCP 81(c)(2)(C), Defendant did not fail "to plead or otherwise defend" under FRCP 55. *See Moore's Federal Practice* § 55.11[2][b][i]. Default judgment is in this case clearly improper under the applicable federal standard.

Defendant's Motion to Dismiss Plaintiff's state law claims remains, but it must also be denied. Defendant's motion is premised, first, on administrative preclusion and, second, on preemption under the Labor Management Relations Act (LMRA). As to the first basis, the Motion is fatally premature and, as to the second basis, it is without merit.

The Court at this juncture refrains from finding any issues in this case administratively precluded, for the simple reason that the Court would be forced to consider materials beyond the pleadings in a Rule 12(b)(6) procedural posture. Granted, both parties ask the Court to consider exhibits attached to their Motion, Response, and Reply. (Docs. 7, 15, and 17). But the Court declines to do so, as it would have to convert the Motion to Dismiss to a motion for summary judgment, and it is not yet satisfied that the record is sufficiently developed to that end. FRCP 12(b) reads: "If ... matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." (emphasis added).

Due to the fact-sensitive nature of the doctrine of administrative preclusion, which entails an analysis of the quality and extent of administrative review, and the Court finding factual and procedural gaps in the materials the parties have

proffered thus far, the Court declines to convert Defendant's Motion to Dismiss to one for summary judgment. The Court will, therefore, at least for now, not consider materials or matters beyond Plaintiff's complaint. And because Defendant cannot yet demonstrate the administrative preclusion of any issue or claims without reference to record materials of prior state-agency determinations, Defendant's first basis to dismiss Plaintiff's claims must fail.

It is also evident from the face of Plaintiff's Complaint that her KCRA claims are not preempted by the LMRA. Section 301 of the LMRA reads: "Suits *for violation of contracts between an employer and a labor organization* representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction. . . ." *See* 29 U.S.C. § 185(a) (emphasis added). "The Supreme Court has[]held that when 'resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-*contract* law.'" *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012) (emphasis added). As *Paul* makes clear, LMRA preemption is demonstrated either where resolution of the state claim would require interpretation of the terms of the labor contract, or where

the plaintiff derives the claim from breach of the labor contract itself. *Id.* (citing *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004)). Although there existed a collective bargaining agreement (CBA) between the two employer-defendants, and this CBA may have controlled certain terms of Plaintiff's employment, neither of the circumstances *Paul* would require are present here.

First, although Defendant claims the terms of the CBA controlled Plaintiff's job placement and compensation, and it thus argues that the Court will have to interpret the CBA to determine the parties' rights and damages, the Court finds to the contrary that Plaintiff's KCRA claims do not require interpretation of the CBA. These claims instead turn on "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 407 (1988). None of the elements or circumstances of the plaintiff's KCRA claims require the Court to interpret any term of the CBA. *See id.* Thus, this first basis for preemption does not apply.

Second, although Defendant claims the CBA has a clause forbidding unlawful discrimination, the CBA simply does not "create" the rights Plaintiff seeks to vindicate. While breach of the CBA's nondiscrimination clause might hypothetically give rise to a contract claim of sorts, Plaintiff instead derives her discrimination claim independently from the KCRA and federal

statutes, which establish distinct statutory causes of action. Plaintiff may assert the very same claims under the KCRA with or without the CBA, and thus the CBA did not "create" her claims. For this reason, too, Defendant's preemption argument fails. Defendant having offered no other reason for the Court to dismiss, and Plaintiff's state claims survive Defendant's Motion to Dismiss.

**IT IS ORDERED . . .**

1. Plaintiff's Motion for Default Judgment (Doc. 1-1A) is hereby **DENIED**.
2. That Defendant's Motion to Dismiss (Doc. 7) is hereby **DENIED**.
3. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties shall confer no later than **November 8, 2021** to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan, perhaps with particular attention to developing the record of the agency proceedings referred to in the foregoing Opinion. Such proposed schedule shall be filed no later than **November 15, 2021**.

This 1st day of November 2021.



Signed By:
**_William O. Bertelsman_** WOB
United States District Judge