**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**

**CIVIL ACTION NO. 2:21-CV-30 (WOB-CJS)**

**BEULAH M. MURPHY**                                          **PLAINTIFF**

**VS.**                    **MEMORANDUM OPINION AND ORDER**

**INDUSTRIAL CONTRACTORS SKANSKA, INC.**              **DEFENDANTS**
**ET AL.**

This matter is before the Court on Defendant Operating Engineers Local 181's ("Defendant" or "the Union") "Motion to Dismiss or in the Alternative for Summary Judgment" (Doc. 30).

Plaintiff's suit involves claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Kentucky Civil Rights Act (KCRA), KRS Chapter 344. Against Defendant Union specifically, however, she asserts only a state-law claim of sex, disability, and age discrimination by a labor organization under the KCRA, namely KRS § 344.060.

1

Defendant Union argues that Plaintiff has failed to state a claim upon which relief can be granted.[1]  The Union's first basis for dismissal is in its assertion that the Labor Management Relations Act (LMRA) preempts Plaintiff's KCRA claim against it. The Union argues Plaintiff's right to equal, non-arbitrary representation by the Union as a labor organization necessarily depends on an interpretation of a collective-bargaining agreement (CBA), subjecting the claim to exclusive federal jurisdiction under the LMRA.   Thus, the Union argues, the LMRA's six-month statute of limitation applies, not the KCRA's longer five-year statute of limitations.  The Union's second and related basis is that, even if Plaintiff's claim is substantively a discrimination claim, Plaintiff failed to have it filed and reviewed by an administrative agency before bringing this judicial action, namely the Equal Employment Opportunity Commission (EEOC) or the Kentucky Human Rights Commission (KHRC).  The Union argues that this failure to exhaust her administrative remedies precludes the immediate

---

[1] To the extent the immediate Motion doubles as one for summary judgment, the Court declines to separately recite and apply the summary judgment standard under FRCP 56.  Whether this Motion is viewed as a motion to dismiss or for summary judgment, Defendant asserted identical bases for both.  Here, the analysis happens to be almost entirely legal in substance, and the Court is assured, having reviewed them, that the exhibits and attachments do not meaningfully change the outcome of this analysis.  A surface examination of Plaintiff's complaint adequately informs the preemption issue, and neither the claim's administrative history nor the relevant Kentucky law are legitimately disputable.  This is a dispositive motion that, other than the undisputed filing date of the immediate judicial action, turns on matters of law as if it were a motion to dismiss.  The Court, therefore, conducts its analysis as if this were simply a motion to dismiss under FRCP 12(b)(6), rather than as a nominally "dual" motion for summary judgment.

action, warranting dismissal.  Under the Rule 12(b)(6) standard, both of Union's bases for dismissal are without merit.

Under Fed. R. Civ. Proc. 12(b)(6), the Court views a plaintiff's complaint in a light most favorable to her, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).  "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).  If the plaintiff's complaint clearly does not state facts sufficient to "state a claim to relief that is plausible on its face," then the claims must be dismissed. *Twombly*, 550 U.S. at 570.

Plaintiff specifically alleges in her complaint that, in violation of KRS §344.060, the Union conspired with the employer-defendant, Industrial Contractor's Skanska ("Skanska"), to hire younger, able-bodied men to a position she was otherwise qualified to fill, that she was not offered work opportunities by the Union as it was obligated to provide to her on the same, equal basis as other members, and that it failed to represent her in a grievance against Skanska, all because of her sex, age, and disability.  For purposes of this Motion, Plaintiff has satisfied the Rule 12(b)(6)

3

standard so as to remove the allegations' facial sufficiency from issue.

That leaves only the legal issues of preemption, statutes of limitations, and exhaustion of remedies. If Plaintiff's claim against the Union falls within the preemptive scope of the LMRA, then Plaintiff will have had to file her action with the National Labor Relations Board within the applicable six-month statute of limitations. 29 U.S.C. § 160(b). This turns on the substance of her claim in whether it derives from the terms of a collective bargaining agreement, or rather from the KCRA as an independent source of civil rights.

Section 301 of the LMRA reads: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction. . . ." 29 U.S.C. § 185(a). "The Supreme Court has [] held that when 'resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.'" *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

Separately, KRS § 344.060 makes it unlawful for a labor organization like Defendant Union, on the basis of race, color, religion, national origin, sex, or age forty (40) and over, or because the person is a qualified individual with a disability:

> (1) To exclude or to expel from its membership, or otherwise to discriminate against, a member or applicant for membership. . .

> (2) To limit, segregate, or classify its membership, or to classify or fail to refuse to refer for employment an individual, in any way which would deprive or tend to deprive an individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect the status as an employee or as an applicant for employment. . . [or]

> (3) To cause or attempt to cause an employer to discriminate against an individual in violation of [the KCRA]."

*See also* KRS § 344.030(4) (defining "labor organization").

As stated above, Plaintiff has sufficiently alleged facts in her claim against the Union that, in one way or another, she suffered each of these forms of discrimination.  The fundamental frame for this preemption analysis is whether the Plaintiff's claim is substantively a contract claim based on a CBA or labor contract, and thus preempted under the LMRA, or whether it is a tort claim arising independently under a civil rights statute, KRS § 344.060, and thus not preempted. *See Adamo Demolition Co. v. Int'l Union of Operating Eng'rs Local 150, AFL-CIO*, 3 F.4th 866, 872 (6th Cir. 2021); *Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Can., Local 704*, 25

5

F.3d 1308, 1310–11 (6th Cir. 1994).  Such preemption occurs where the state-law claim would *require* interpretation of the terms of a labor contract or, in the alternative, whether the rights claimed by the Plaintiff were *created* by the labor contract. *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012) (citing Mattis v. Massman, 355 F.3d 902, 906 (6th Cir. 2004)).

In this case, Plaintiff's KCRA claims do not require interpretation of any labor contract, and her right to be free of invidious discrimination arises in statute, independent of such a labor contract. *Accord Northington v. Int'l All. of Theatrical Stage Emps., Loc. 17*, No. 3:20-CV-390, 2021 WL 5280967, at *5 (W.D. Ky. Nov. 12, 2021).

Indeed, the Union's alleged actions or inactions could presumably constitute some sort of breach of the pertinent labor contract.  The facts underlying the allegations may, perhaps, support a claim under the LMRA that the Union failed to fairly represent Plaintiff.  However, the manner in which the Union's actions were allegedly unlawful is not inextricably tied to the labor agreement.  Rather, Plaintiff alleges the violation of separate, immutable civil rights under the KCRA that happen specifically to apply to labor organizations in the representation of their members.  "As in *Tisdale*, this is not fundamentally a *labor* case involving negotiated contractual terms, which is what § 301 addresses.  This is a *discrimination* case involving non-

negotiable rights guaranteed by the Commonwealth of Kentucky." *Northerington*, 2021 WL 5280967, at *5 (quoting *Tisdale*, 25 F.3d at 1312) (quotations omitted).  Plaintiff has not invoked her contract rights as a member of a labor organization.  She has invoked her civil rights under state law.  If the Union's actions happen also to be a breach of contract, that is purely incidental under these facts.  Because the LMRA does not necessarily, inherently bear on the Union's alleged statutory violations, Plaintiff's claim is not preempted.  Thus, the LMRA's six-month statute of limitations does not apply.

Defendant Union's claim that Plaintiff failed to exhaust her administrative remedies is similarly without merit.  Plaintiff brought a charge with the KHRC against the other defendant, Skanska, but has not taken any prior administrative action directly against the Union.  Had the claim against Union been asserted to enforce certain federal civil rights, Plaintiff would have been obligated to first have her claim reviewed in a charge with the EEOC or the KHRC.  However, it is well-settled that the administrative remedy is optional for those claims brought solely under the KCRA. *See Owen v. University of Kentucky*, 486 S.W.3d 266, 272-73 (Ky. 2016).  And even where a plaintiff elects the administrative option but ultimately fails before the agency, she may still bring a judicial action within five years of the alleged discrimination. *See* KRS 344.240(1); *Owen*, 486 S.W.3d at 272-73.

Plaintiff did not bring a charge before the EEOC or KHRC against the Union, but her doing so was not a precondition to asserting her KCRA claim in court like she has. *See Owen*, 486 S.W.3d at 272.   The KCRA has a five-year statute of limitations, KRS § 413.130(2), and Plaintiff satisfied it by filing her claim against the Union on March 4, 2021, less than two years after the alleged discriminatory acts.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 30) is hereby **DENIED**.

This 7th day of February 2022.



**Signed By:**

**_William O. Bertelsman_** WOB

**United States District Judge**